UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      Plaintiff,

          v.

ALCAN ALUMINUM CORPORATION,

      Defendant.

---

## CONSENT DECREE

Civil Action No.

04-CV-1435 (GLS/RFT)

## TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | BACKGROUND | 1 |
| II. | JURISDICTION | 1 |
| III. | PARTIES BOUND | 1 |
| IV. | DEFINITIONS | 1 |
| V. | REIMBURSEMENT OF RESPONSE COSTS | 3 |
| VI. | DISPUTE RESOLUTION | 5 |
| VII. | FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT DECREE | 6 |
| VIII. | COVENANT NOT TO SUE BY UNITED STATES | 7 |
| IX. | COVENANT NOT TO SUE BY SETTLING DEFENDANT | 9 |
| X. | EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION AND WAIVER | 9 |
| XI. | RETENTION OF RECORDS | 10 |
| XII. | NOTICES AND SUBMISSIONS | 12 |
| XIII. | RETENTION OF JURISDICTION | 13 |
| XIV. | INTEGRATION/APPENDICES | 13 |
| XV. | LODGING AND OPPORTUNITY FOR PUBLIC COMMENT | 13 |
| XVI. | EFFECTIVE DATE | 13 |
| XVII. | SIGNATORIES/SERVICE | 13 |
| XVIII. | FINAL JUDGMENT | 14 |

## I. BACKGROUND

A.     The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9606 and 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred or to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Tri-Cities Barrel Superfund Site in Broome County, New York ("the Site") and seeking civil penalties for defendant's failure to comply with an EPA administrative order.

B.     The defendant that has entered into this Consent Decree ("Settling Defendant") does not admit any liability to the United States arising out of the transactions or occurrences alleged in the complaint.

C.     The United States and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9606(b), 9607 and 9613(b) and also has personal jurisdiction over Settling Defendant. Settling Defendant consents to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2.     This Consent Decree is binding upon the United States and upon Settling Defendant and its successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV. DEFINITIONS

3.     Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever

terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et seq.*

"Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

"Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

"DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

"Effective Date" shall mean the effective date of this Consent Decree as provided in Paragraph 40.

"EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Future Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA or DOJ on behalf of EPA paid or pays at or in connection with the Site after July 31, 2004, plus accrued Interest on all such costs.

"Interest" shall mean interest at the current rate specified for interest on investments of the Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

"Paragraph" shall mean a portion of this Consent Decree identified by an arabic numeral or an upper or lower case letter.

"Parties" shall mean the United States and the Settling Defendant.

"Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA or DOJ on behalf of EPA has paid at or in connection with the Site through July 31, 2004 plus accrued Interest on all such costs through such date.

"Performing Parties" shall mean the potentially responsible parties obligated to perform the Remedial Action at the Site pursuant to a consent decree entered on August 8, 2001.

"Record of Decision" or "ROD" shall mean the EPA Record of Decision relating to the Site signed on March 31, 2000 by the Regional Administrator, EPA Region II, or his/her delegate, and all attachments thereto.

"Remedial Action" shall mean the remedial action selected in the ROD including any modification thereto which the Performing Parties have agreed to perform pursuant to the 2001 Consent Decree.

"Section" shall mean a portion of this Consent Decree identified by a roman numeral.

"Settling Defendant" shall mean Alcan Aluminum Corporation.

"Site" shall mean the Tri-Cities Barrel Superfund Site, located in the Hamlet of Port Crane, Town of Fenton, Broome County, New York, and depicted more clearly on the map included as Appendix A.

"2001 Consent Decree" shall mean the consent decree entered on August 8, 2001 in US v. Agway Inc. et al., Civil Action No. 3:01-CV-0637-GLS, in the United States District Court for the Northern District of New York regarding the Tri-Cities Barrel Superfund Site.

"Unilateral Order" shall mean Administrative Order Index No. CERCLA-02-2001-2036 issued by EPA to Settling Defendant and to the New York State Department of Transportation with respect to the Site on September 28, 2001.

"United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V. REIMBURSEMENT OF RESPONSE COSTS

4.    Payment of Past Response Costs and Civil Penalties.  Within 30 days of the Effective Date, Settling Defendant shall pay to the United States $600,000 in reimbursement of Past Response Costs and a $360,000 civil penalty. Settling Defendant shall not deduct the civil penalty paid under this Paragraph in calculating its federal income tax. Each of these payments shall include an additional sum for Interest calculated as follows:

a.    if Settling Defendant executes and returns this Consent Decree to EPA on or before December 3, 2004, and payment is timely, no Interest shall accrue;

b.    if Settling Defendant executes and returns this Consent Decree to EPA by December 3, 2004, and payment is not timely, Interest shall be calculated from the date 30 days after the Effective Date until the date of payment; and

c.    if Settling Defendant does not execute and return this Consent Decree to EPA by December 3, 2004, Interest shall be calculated from December 17, 2004 until the date of payment.

3

5.    <u>Payment of Future Response Costs</u>.  Settling Defendant shall pay to the United States 80% of all Future Response Costs not inconsistent with the National Contingency Plan ("NCP").  Total payments by Settling Defendant under this Paragraph shall not exceed $800,000.  On a periodic basis the United States will send Settling Defendant a bill requiring payment.  Each bill will be accompanied by a printout of cost data in EPA's financial management system and, to the extent applicable, in DOJ's financial management system.  Settling Defendant shall make all payments within 30 days of Settling Defendant's receipt of each bill, except as otherwise provided in Paragraph 6.  Late payments shall include an additional amount for Interest accrued from the date payment was due.

6.    Settling Defendant may contest payment of any Future Response Costs demanded by EPA under Paragraph 5 by initiating Dispute Resolution under Section VI.  Settling Defendant shall be deemed to have waived its right to object to a bill for Future Response Costs if it fails to comply with Paragraph 9 with respect to such bill.  In the event of an objection, the Settling Defendant shall within the 30-day period pay 80% of all uncontested Future Response Costs to the United States.  Simultaneously, the Settling Defendant shall establish an interest-bearing escrow account in a federally-insured bank duly chartered in the State of New York and remit to that escrow account funds equivalent to 80% of the amount of the contested Future Response Costs.  Settling Defendant shall send to the United States, pursuant to Paragraph 35, a notice identifying the bank and bank account under which the escrow account is established and the amount of funds in the escrow account.  If the United States prevails in the dispute, Settling Defendant shall, within five days of the resolution of the dispute, pay the sums due (with Interest accrued from the date payment was due) to the United States in the manner described in Subparagraph 7(b).  If the Settling Defendant prevails concerning any aspect of the contested costs, the Settling Defendants shall pay 80% of that portion of the billed costs (plus Interest accrued from the date payment was due) for which it did not prevail to the United States in the manner described in Subparagraph 7(b).  Settling Defendant shall be disbursed any balance of the escrow account.

7.    <u>Procedures for Payment</u>.

a.    Settling Defendant shall make payments pursuant to Paragraph 4 by FedWire Electronic Funds Transfer in accordance with current EFT procedures ("EFT") to the U.S. Department of Justice account in accordance with instructions provided to Settling Defendant by the Financial Litigation Unit of the U.S. Attorney's Office in the Northern District of New York.  Such payment shall reference the USAO File No. C104-01623, EPA Region II, Site/Spill identifier 025V and DOJ Case No. 90-11-3-1514/2.

b.    Settling Defendant shall make payments pursuant to Paragraphs 5 and 6 via EFT to EPA's account with Mellon Bank, Pittsburgh, Pennsylvania.  To make these payments via EFT, Settling Defendant shall instruct its bank to remit payment in the required amount via EFT to EPA's account with Mellon Bank and shall provide the

4

following information to its bank: (i) the amount of the payment; (ii) the title of the
Mellon Bank account to receive the payment (EPA); (iii) the account code for the Mellon
Bank account receiving the payment (9108544); (iv) the Mellon Bank ABA Routing No.
043000261; (v) the name of Settling Defendant; (vi) the civil action number of this
Consent Decree; and (vii) the Site/Spill identifier 025V.

      c.     Any payments received by the United States after 4:00 p.m. Eastern
Time shall be credited on the next business day. Within seven days of each payment,
Settling Defendant shall send notice to EPA, DOJ and the Regional Financial
Management Officer in accordance with Paragraph 35 that payment has been made. The
notice shall reference the date of the EFT, the payment amount, the name of the Site,
Settling Defendant's name and address, the USAO File No. C104-01623, the Site/Spill
identifier 025V and DOJ Case No. 90-11-3-1514/2. All payments of Past Response Costs
and Future Response Costs under this Section shall be deposited in the Tri-Cities Barrel
Superfund Site Special Account within the EPA Hazardous Substance Superfund to be
retained and used to conduct or finance response actions at or in connection with the Site,
or to be transferred by EPA to the EPA Hazardous Substance Superfund. The civil
penalty payment shall be deposited in the EPA Hazardous Substance Superfund.

## VI. DISPUTE RESOLUTION

8.    The dispute resolution procedures of this Section shall be the exclusive
mechanism to resolve disputes regarding the payment of Future Response Costs.

9.    Initiation of Dispute.  Settling Defendant may initiate a dispute with respect
to a bill for Future Response Costs by sending a written Notice of Dispute to the United
States pursuant to Paragraph 35. The Notice of Dispute must be sent within 30 days of
receipt of the bill for Future Response Costs and shall specifically identify the contested
Future Response Costs and the basis for objection. Settling Defendant may object to a
bill for Future Response Costs only on the basis that the United States has made a
mathematical error, that costs that have been included in the bill are not consistent with
the NCP, or that costs included in the bill do not fall within the definition of Future
Response Costs. The dispute shall be considered to have arisen when the United States
receives the Notice of Dispute.

10.    Informal Negotiations.  Any dispute which arises under this Section shall in
the first instance be the subject of informal negotiations between the parties to the
dispute. The period for informal negotiations shall not exceed 20 days from the time the
dispute arises, unless it is modified by written agreement of the Parties.

11.    Statements of Position.

      a.     In the event that the parties cannot resolve a dispute by informal
negotiations under the preceding Paragraph, then the position advanced by EPA shall be
considered binding unless, within 21 days after the conclusion of the informal negotiation

period, Settling Defendant invokes the formal dispute resolution procedures of this Section by serving on the United States a written Statement of Position on the matter in dispute, including, but not limited to, any factual data, analysis or opinion supporting that position and any supporting documentation relied upon by Settling Defendant.

        b.     Within 21 days after receipt of Settling Defendant's Statement of Position, EPA will serve on Settling Defendant its Statement of Position, including, but not limited to, any factual data, analysis, or opinion supporting that position and all supporting documentation relied upon by EPA. Within 14 days after receipt of EPA's Statement of Position, Settling Defendant may submit a Reply.

        12.    Following receipt of all statements of position submitted pursuant to Paragraph 11, the Director of the Emergency and Remedial Response Division, EPA Region II, will issue a final decision resolving the dispute. The Emergency and Remedial Response Division Director's decision shall be binding on Settling Defendant unless, within ten days of receipt of the decision, Settling Defendant files with the Court and serves on the United States a motion for judicial review of the decision setting forth the matter in dispute, the efforts made by the parties to resolve it, the relief requested, and the schedule, if any, within which the dispute must be resolved to ensure orderly implementation of the Consent Decree. The United States may file a response to Settling Defendant's motion.

        13.    Judicial review of any dispute under this Consent Decree shall be governed by applicable principles of law.

        14.    The invocation of formal dispute resolution procedures under this Section shall not extend, postpone or affect in any way any obligation of Settling Defendant under this Consent Decree not directly in dispute, unless the United States or the Court agrees otherwise.

      VII. FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT DECREE

     15.    Stipulated Penalty.

        a.    If any amounts due to EPA under this Consent Decree are not paid by the required date, Settling Defendant shall pay to EPA as a stipulated penalty, in addition to the Interest required by Paragraphs 4, 5 and 6, $1,000 per day that such payment is late.

        b.    Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund" and shall be sent to:

6

EPA Region II
Superfund Accounting
P.O. Box 360188M
Pittsburgh, PA 15251

Such payments shall indicate that the payment is for stipulated penalties and shall reference the name and address of the Settling Defendant, EPA Region II, Site Spill ID Number 025V, and DOJ Case No. 90-11-3-1514/2. Copies of check(s) paid pursuant to this Paragraph, and any accompanying transmittal letter(s), shall be sent to EPA, DOJ and the Regional Financial Management Officer as provided in Paragraph 35.

c. Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after complete performance is due or the day a violation occurs, and shall continue to accrue through the final day of correction of the noncompliance or completion of the activity. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

16. If the United States brings an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including, but not limited to, costs of attorney time.

17. Payments made under Paragraphs 15 and 16 shall be in addition to any other remedies or sanctions available to the United States by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

18. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree.

VIII. COVENANT NOT TO SUE BY UNITED STATES

19. Covenant Not to Sue by United States. Except as specifically provided in Paragraphs 20 through 23, the United States covenants not to sue or to take administrative action against Settling Defendant (a) pursuant to Sections 106(a) and 107(a) of CERCLA, 42 U.S.C. §§ 9606(a) and 9607(a), regarding the Site, and (b) pursuant to Section 106(b)(1) of CERCLA, 42 U.S.C. § 9606(b)(1), for Settling Defendant's failure to comply with the Unilateral Order. This covenant not to sue shall take effect upon the receipt by EPA of all payments required by Paragraph 4. This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendant of all of its obligations under this Consent Decree. This covenant not to sue extends only to Settling Defendant and does not extend to any other person.

20. General Reservation of Rights. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all

7

matters not expressly included within the covenant not to sue set forth in Paragraph 19. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendant with respect to:

        a.     liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

        b.     liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments; and

        c.     criminal liability.

    21.    United States' Pre-Certification Reservations. Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action, or to issue an administrative order seeking to compel Settling Defendant (a) to perform further response actions relating to the Site, or (b) to reimburse the United States for additional costs of response,

if, prior to EPA's certification of completion of the Remedial Action pursuant to Paragraph 50(b) of the 2001 Consent Decree:

        (1) conditions at the Site, previously unknown to EPA, are discovered, or

        (2) information, previously unknown to EPA, is received, in whole or in part,

and EPA determines that these previously unknown conditions or information together with any other relevant information indicates that the Remedial Action is not protective of human health or the environment.

    22.    United States' Post-Certification Reservations. Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action, or to issue an administrative order seeking to compel Settling Defendant (a) to perform further response actions relating to the Site, or (b) to reimburse the United States for additional costs of response,

if, subsequent to EPA's certification of completion of the Remedial Action pursuant to Paragraph 50(b) of the 2001 Consent Decree:

        (1) conditions at the Site, previously unknown to EPA, are discovered, or

        (2) information, previously unknown to EPA, is received, in whole or in part,

and EPA determines that these previously unknown conditions or this information together with other relevant information indicate that the Remedial Action is not protective of human health or the environment.

23.    For purposes of Paragraph 21, the information and the conditions known to EPA shall include only that information and those conditions known to EPA as of the date the ROD was signed and set forth in the Record of Decision for the Site and the administrative record supporting the Record of Decision.  For purposes of Paragraph 22, the information and the conditions known to EPA shall include only that information and those conditions known to EPA as of the date of Certification of Completion pursuant to Paragraph 50(b) of the 2001 Consent Decree and set forth in the Record of Decision, the administrative record supporting the Record of Decision, the post-ROD administrative record, or in any information received by EPA pursuant to the requirements of the 2001 Consent Decree prior to Certification of Completion pursuant to Paragraph 50(b) of the 2001 Consent Decree.

## IX.  COVENANT NOT TO SUE BY SETTLING DEFENDANT

24.    Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees with respect to the Site or this Consent Decree, including but not limited to:

a.     any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.     any claim arising out of response actions performed at the Site; and

c.     any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the Site.

25.    Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

## X.  EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION AND WAIVER

26.    Except as provided in Paragraph 28, each of the Parties expressly reserves any and all rights, defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.  Except as provided in Paragraph 28, nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party hereto.

27.    The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendant is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree.  The "matters addressed" in this Consent Decree are all costs incurred and to be incurred by the United States or by any person regarding the Site, provided, however, that "matters addressed" do not include

(a) response costs incurred by the United States to the extent it makes one of the determinations described in Paragraph 21 or 22, and (b) response costs incurred by the Performing Parties, to the extent the United States institutes new proceedings or issues an administrative order pursuant to Paragraphs 82 or 83 of the 2001 Consent Decree.

28.    Settling Defendant hereby waives all contribution actions or claims, pursuant to Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), regarding "matters addressed," as defined in Paragraph 27, that it may have against any person, other than a person asserting a claim or cause of action against Settling Defendant regarding the Site.

29.    Settling Defendant agrees that, with respect to any suit or claim for contribution brought by it regarding the Site, it will notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendant also agrees that, with respect to any suit or claim for contribution brought against it regarding the Site, it will notify EPA and DOJ in writing within ten days of service of the complaint or claim upon it. In addition, Settling Defendant shall notify EPA and DOJ within ten days of service or receipt of any Motion for Summary Judgment, and within ten days of receipt of any order from a court setting a case for trial, regarding the Site.

30.    In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by United States set forth in Section VIII.

## XI. RETENTION OF RECORDS

31.    Until seven years after the Effective Date, Settling Defendant shall preserve and retain all records and documents now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person for response actions conducted and to be conducted at the Site, regardless of any corporate retention policy to the contrary.

32.    After the conclusion of the document retention period in the preceding paragraph, Settling Defendant shall notify EPA and DOJ at least 90 days prior to the destruction of any such records or documents, and, upon request by EPA or DOJ, Settling Defendant shall deliver any such records or documents to EPA. Settling Defendant may assert that certain documents, records, or other information are privileged in accordance with the procedures set forth in Paragraph 33.

33.    Confidential Business Information and Privileged Documents.

      a.     Settling Defendant may assert business confidentiality claims covering part or all of the documents or information submitted to the United States under this Consent Decree to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. 2.203(b). Documents or information determined to be confidential by EPA will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies documents or information when they are submitted to EPA, or if EPA has notified Settling Defendant that the documents or information are not confidential under the standards of Section 104(e)(7) of CERCLA, the public may be given access to such documents or information without further notice to Settling Defendant.

      b.     Settling Defendant may assert that certain documents, records or other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendant asserts such a privilege in lieu of providing documents, it shall provide the United States with the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted. However, no documents, reports or other information created or generated pursuant to the requirements of this or any other consent decree with the United States shall be withheld on the grounds that they are privileged. If a claim of privilege applies only to a portion of a document, the document shall be provided to the United States in redacted form to mask the privileged information only. Settling Defendant shall retain all records and documents that it claims to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendant's favor.

    34.    By signing this Consent Decree, Settling Defendant certifies that, to the best of its knowledge and belief, it has:

      a.     conducted a thorough, comprehensive, good faith search for documents, and has fully and accurately disclosed to EPA, all information currently in its possession, or in the possession of its officers, directors, employees, contractors or agents, which relates in any way to the ownership, operation or control of the Site, or to the ownership, possession, generation, treatment, transportation, storage or disposal of a hazardous substance, pollutant or contaminant at or in connection with the Site;

      b.     not altered, mutilated, discarded, destroyed or otherwise disposed of any records, documents or other information relating to its potential liability regarding the Site, after notification of potential liability or the filing of a suit against the Settling Defendant regarding the Site; and

11

      c.     fully complied with any and all EPA requests for information regarding the Site pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e).

## XII. NOTICES AND SUBMISSIONS

     35.    Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing.  Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ and Settling Defendant, respectively.

*As to DOJ:*

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
Re: DJ No. 90-11-3-1514/2

*As to EPA:*

Young Chang
Remedial Project Manager
Emergency and Remedial Response Division
U.S. EPA, Region II
290 Broadway, 20th Floor
New York, NY  10007-1866

Michael Mintzer
Office of Regional Counsel
U.S. EPA, Region II
290 Broadway, 17th Floor
New York, NY  10007-1866

*As to Regional Financial Management Officer:*

Comptroller, Financial Management Branch
U.S. EPA, Region II
290 Broadway, 29th Floor
New York, NY  10007-1866

*As to Settling Defendant:*

General Counsel
Alcan Aluminum Corporation
6060 Parkland Boulevard
Cleveland, OH 44124-4185

## XIII. RETENTION OF JURISDICTION

36.     This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XIV. INTEGRATION/APPENDICES

37.     This Consent Decree and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendix is attached to and incorporated into this Consent Decree: "Appendix A" is a the map of the Site.

## XV. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

38.     This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendant consents to the entry of this Consent Decree without further notice.

39.     If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVI. EFFECTIVE DATE

40.     The effective date of this Consent Decree shall be the date upon which it is entered by the Court.

## XVII. SIGNATORIES/SERVICE

41.     The undersigned representative of Settling Defendant and the Deputy Chief for the United States Department of Justice, Environment and Natural Resources Division, Environmental Enforcement Section, each certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

42.     Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

43.     Settling Defendant hereby designates its General Counsel as the agent who is authorized to accept service of process by mail on behalf of Settling Defendant with

13

respect to all matters arising under or relating to this Consent Decree. Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

## XVIII. FINAL JUDGMENT

44.    Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between the United States and the Settling Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.


SO ORDERED THIS _25th_ DAY OF _February_, 200_5_.


United States District Judge


14

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Alcan Aluminum Corporation*, relating to the Tri-Cities Barrel Superfund Site.

FOR THE UNITED STATES OF AMERICA:

12/2/04
Date

CATHERINE R. MCCABE
Deputy Chief
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section


12/8/04
Date

MARK A. GALLAGHER
ELISE S. FELDMAN
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C.  20530-7611


GLENN T. SUDDABY
United States Attorney for the
Northern District of New York
U.S. Department of Justice


12/11/04
Date

JAMES WOODS
Assistant United States Attorney
James Foley Building
445 Broadway
Albany, New York 12207

15

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Alcan Aluminum Corporation*, relating to the Tri-Cities Barrel Superfund Site.

FOR THE UNITED STATES OF AMERICA (CONT'D):

11/26/04
Date

JANE M. KENNY
Regional Administrator
U.S. Environmental Protection Agency, Region 2
290 Broadway, 26th Floor
New York, NY 10007-1866

16

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Alcan Aluminum Corporation*, relating to the Tri-Cities Barrel Superfund Site.

FOR ALCAN ALUMINUM CORPORATION:

November 22, 2004
Date

Signature:
Name (print): William H. Jarrels
Title: Vice President and General Counsel
Address: 6060 Parkland Blvd.
Cleveland, Ohio 44124

17

Appendix A
to Consent Decree
United States of America v. Alcan Aluminum Corporation
Relating to the Tri-Cities Barrel Superfund Site



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has, on this __8th__ day of __December__ , 2004, been sent via email to the following counsel of record:

> John C. Tillman
> Alcan Aluminum Corporation
> 6060 Parkland Boulevard
> Cleveland, OH 44124-4185
> john.tillman@alcan.com

Mark A. Gallagher